UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYRUS HAZARI,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>    Defendant. | Case No. 19-CV-01986-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITHOUT PREJUDICE; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER; AND DENYING WITHOUT PREJUDICE MOTION TO FILE EXHIBITS TO COMPLAINT UNDER SEAL**<br><br>Re: Dkt. Nos. 2, 3, 4 |

    Before the Court is Pro Se Plaintiff Cyrus Hazari's ("Plaintiff") motion for leave to proceed in forma pauperis. ECF No. 4 ("Application").

    Under the federal in forma pauperis statute, a court may authorize the commencement of a suit without prepayment of the filing fee required by the clerk of the court if the plaintiff submits an affidavit of poverty showing that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). However, even if the plaintiff makes an adequate showing of poverty, a court may deny leave to proceed in forma pauperis if it determines at the outset "from the face of the

1

proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *see also* 28 U.S.C. § 1915(e); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

As an initial matter, Plaintiff's application raises several questions about his ability to pay the Court fees. Here, Plaintiff has declared under penalty of perjury that although he is not presently employed, his last date of employment was October 1, 2017 and during that time, he received a gross amount of $2,528 per month. Application at 1–2. Plaintiff has declared under penalty of perjury that he currently receives a $300 State of California disability payment per week and that he has withdrawn from his pension plan to pay debts. *Id.* at 2. Plaintiff also declared under penalty of perjury that he has a combined $892.71 in his bank accounts. *Id.* at 3. Plaintiff declared that he has a long list of debts, including several mortgages (the figures $150K, $1,750K, and $1,600K appear on his application); loans ($1,600K and $550K); credit card debt ($120k); and business liabilities ($643K). *Id.* at 3–4. Nonetheless, Plaintiff states that the estimated market value of his home is $600K and that he has other assets, including unexplained real estate valued at approximately $900K. *Id.* Further, despite having stated that he owns property, Plaintiff inexplicably declared that his monthly rent is $2500. *Id.* Given these inconsistencies in Plaintiff's Application, and particularly given Plaintiff's assets, including real estate valued at approximately $900K, the Court cannot conclude that Plaintiff has adequately shown that he is unable to pay the fees required to commence this lawsuit. The Court thus DENIES Plaintiff's IFP request with leave to amend to explain these figures.

Moreover, the Court concludes that Plaintiff's complaint on its face "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint is frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although "[c]ourts have a duty to construe pro se pleadings

2

liberally," *Barnhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), even a liberal construction of Plaintiff's complaint fails to reveal a non-frivolous claim.

Most problematic is that Plaintiff brings this suit against the Superior Court of Santa Clara County, apparently seeking to either appeal to this Court from a state court judgment in a civil case or to stay the state Court proceedings. For instance, Plaintiff's complaint, filed April 12, 2019, references Plaintiff's state court litigation, including case numbers 16CV295730, 18CV335914, 18CV337311, and 18CV338915 in the Superior Court of Santa Clara County. ECF No. 1 ("Compl.") ¶¶ 66, 102. Plaintiff complains that the state court did not grant Plaintiff's fee waiver request(s) or a stay of the lawsuit(s). *See id.* ¶¶ 104, 111, 114. Plaintiff further appears to request that the United States District Court for the Northern District of California interfere with the state court: "THEREFORE IF YOU DO NOT GRANT MY INJUNCTION AND MY REQUESTED RELIEF, AND LEAVE ME IN THE HANDS OF DEFENDANT [(SUPERIOR COURT OF SANTA CLARA COUNTY)] TO BE ADA ACCOMODATED, BECAUSE OF ITS UNCORRECTED IGNORANCE AND ITS CONTINUING PREJUDICE, I WILL LOSE MY JUST LAWSUITS, AND I WILL BE MORE AND MORE INJURED." *Id.* ¶ 133 (capitalization in original). Plaintiff's motion for temporary restraining order and preliminary injunction, filed April 12, 2019, clarifies that Plaintiff is seeking a temporary restraining order and a preliminary injunction that enjoins the Superior Court of Santa Clara County from denying Plaintiff ADA accommodation in the form of a stay of proceedings in case numbers 16CV295730, 18CV335914, 18CV337311, and 18CV338915. ECF No. 3 ("TRO").

Plaintiff's complaint does not appear to seek appellate review of the state court proceedings because all of the proceedings appear to be ongoing. Nonetheless, if Plaintiff's Complaint seeks appellate review of state court proceedings, this Court lacks jurisdiction over such a claim. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The

3

Case No. 19-CV-01986-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITHOUT PREJUDICE; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER; AND DENYING WITHOUT PREJUDICE MOTION TO FILE EXHIBITS TO COMPLAINT UNDER SEAL

*Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment."). Moreover, to the extent Plaintiff is seeking for this Court to interfere with the state court's proceedings, the Court should abstain from such interference in the instant case. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (discussing *Younger* abstention, which cautions against federal interference with ongoing state civil proceedings, particularly where (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin" or has the practical effect of enjoining the ongoing state judicial proceeding).

Thus, because Plaintiff appears to seek federal interference with his ongoing state civil proceedings, the Court concludes that Plaintiff's complaint is frivolous on its face. The Court cannot conclude, however, that "amendment would be futile." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008*); see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2003) (en banc) ("[T]he rule favoring liberality in amendments is particularly important for the pro se litigant.") (internal quotation marks omitted). Therefore, the Court DENIES Plaintiff's motion to proceed in forma pauperis and DISMISSES Plaintiff's complaint with leave to amend. If Plaintiff elects to file an amended complaint, Plaintiff must do so within 30 days of this Order. If Plaintiff fails to file an amended complaint within 30 days, the complaint will be dismissed with prejudice.

The motion for temporary restraining order and preliminary injunction is DENIED AS MOOT. ECF No. 3.

Plaintiff had also filed a motion to seal exhibits attached to the complaint. ECF No. 2. The Court DENIES this motion to seal without prejudice. Civil Local Rule 79-5(f)(2) provides that if a motion to seal is denied in its entirety, the document sought to be sealed will not be considered by

4

Case No. 19-CV-01986-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITHOUT PREJUDICE; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER; AND DENYING WITHOUT PREJUDICE MOTION TO FILE EXHIBITS TO COMPLAINT UNDER SEAL

the Court unless the submitting party files an unredacted version of the document within 7 days after the motion is denied. Because Plaintiff's complaint is dismissed without prejudice and the motion to seal is denied without prejudice, Plaintiff does not need to refile unredacted versions of the exhibits to the complaint at this time. If Plaintiff files an amended complaint, attaches exhibits to that amended complaint, and files a renewed motion to seal, the Court at that time will apply the appropriate standard for sealing and rule on the renewed sealing motion.

**IT IS SO ORDERED.**

Dated: April 16, 2019

_____
LUCY H. KOH
United States District Judge